

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-82,063-01

### EX PARTE ELMER HOWARD WHISENANT, JR., Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. F34688 A IN THE 249TH DISTRICT COURT FROM JOHNSON COUNTY

*Per curiam*. KELLER, P.J., and MEYERS, J., would deny relief. KEASLER, J., filed a dissenting statement in which HERVEY, J., joined.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of six counts of aggravated assault, one count of violation of a protective order, one count of burglary of a habitation, one count of retaliation, two counts of aggravated sexual assault, and two counts of obstruction. He was sentenced to imprisonment for seven terms of twenty years, four terms of ten years, and two terms of seventy years. The Tenth Court of Appeals affirmed his convictions. *Whisenant v. State*,

No. 10-01-00305-CR (Tex. App.—Waco Mar. 12, 2003) (not designated for publication).

In six grounds, Applicant contends that his convictions and sentences violate due process because they were based on knowing false testimony, the State engaged in misconduct, and trial counsel rendered ineffective assistance. On October 15, 2014, in response to a motion to remand, we instructed Applicant in a written order that if he wished to properly present his documentary evidence to this Court, he could file it in the county of conviction within 30 days of the date of that order. He filed his evidence within 30 days of October 15, and it was forwarded to this Court as a supplement.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Weinstein*, 421 S.W.3d 656 (Tex. Crim. App. 2014); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's ineffective assistance of counsel claims. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

Applicant appears to be represented by counsel. If he is not and the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall determine whether (1) the affidavits and declarations Applicant filed as supplements are credible; (2) Applicant's due process rights were violated because false evidence was presented that was material to his convictions and sentences; (3) the State engaged in

3

misconduct; (4) counsel's conduct was deficient; and (5) but for counsel's deficient conduct there is a reasonable probability that the result would have been different. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: June 3, 2015
Do not publish